UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIS BICKHAM, JR.,

        Plaintiff,

        -v-                    3:24-CV-1417

ALEX CZEBINIAK and DETECTIVE
HLAVACEK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

WILLIS BICKHAM, JR.
Plaintiff, Pro Se
24-B-5326
Eastern NY Correctional Facility
Box 33
Napanoch, NY 12458


DAVID N. HURD
United States District Judge


### ORDER ON REPORT & RECOMMENDATION

On November 21, 2024, plaintiff Willis Bickham, Jr. ("plaintiff"), acting

*pro se*, commenced this 42 U.S.C. § 1983 action for (1) false arrest, (2)

wrongful incarceration; (3) defamation; and (4) intentional infliction of

emotional distress ("IIED"). Dkt. No. 1. Along with his complaint, plaintiff

moved for leave to proceed *in forma pauperis* ("First IFP Application").  Dkt. No. 2.  The following day, this Court administratively closed this matter due to plaintiff's failure to submit a completed IFP application.  Dkt. No. 5.  On December 6, 2024, plaintiff refiled his IFP Application ("Second IFP Application").  Dkt. No. 8.

On January 7, 2025, after conducting an initial review of plaintiff's complaint, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") (1) that plaintiff's Second IFP Application be granted; (2) that plaintiff's request to discontinue his claims against the State of New York, be granted; and (3) that plaintiff's complaint be dismissed.  Dkt. No. 13.

Specifically, Judge Katz recommended that plaintiff's complaint in its entirety be dismissed with prejudice and without leave to amend as to defendant Assistant District Attorney Alex Czebiniak ("Czebiniak") on the basis of prosecutorial immunity.  Dkt. No. 13.  Judge Katz next recommended that plaintiff's IIED claim be dismissed with prejudice and without leave to amend.  *Id*.  Judge Katz recommended that plaintiff's defamation claim be dismissed without prejudice and without leave to amend.  *Id*.  Finally, Judge Katz recommended that plaintiff's remaining claims for false arrest and wrongful incarceration be dismissed without prejudice and with leave to

amend pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.[1] *Id.*

Judge Katz further advised that plaintiff could file timely objections to the R&R, and that plaintiff should wait for the District Court to rule R&R before filing an amended complaint.  Dkt. No. 13.  Plaintiff has not filed any timely objections to the R&R.   Instead, plaintiff has filed a series of letters to the Court.  Dkt. Nos. 16–18.

In plaintiff's first letter, Dkt. No. 16, he requests an "amended U.S.C. § 1983," states that he is unclear how to proceed with his case, and requests an explanation on how to proceed because he is acting *pro se*.  Dkt. No. 16.  In plaintiff's second letter, he reiterates his previous requests and further requests to be provided with an attorney and an extension.[2]  Dkt. No. 17.  Then, on January 29, 2025, Plaintiff filed a third letter moving the Court to appoint counsel and requesting a copy of his "amended complaint."  Dkt. No. 18.

Turning first to the R&R: upon review for clear error, Judge Katz's R&R will be accepted and adopted in all respects.  *See* FED. R. CIV. P. 72(b).

---

[1]  Judge Katz recommended that, should this Court adopt his Order and Report-Recommendation, plaintiff be granted thirty days from the date of the District Judge's order to submit a proposed amended complaint to the court for its consideration.  Dkt. No. 13.

[2]  While plaintiff does not indicate what he wants an extension for, the Court will infer he is referring to the time he has available to file a proposed amended complaint, and it is addressed accordingly.  *See infra.*

Next, turning to plaintiff's subsequent letters: first, plaintiff requests an "amended 1983." This request is unclear. Insofar as plaintiff requests a new sample civil rights complaint, that form may be found on the web page for the United States District Court for the Northern District of New York.[3] The Court will send plaintiff a copy of that form. However, if plaintiff requests that the Court "amend" his pleading, that request will be denied. Judge Katz has recommended, and this Court now orders, that plaintiff will have thirty (30) days to file a proposed amended complaint that corrects the deficiencies identified in the R&R. Dkt. No. 13. Plaintiff is advised to carefully review both Judge Katz's R&R and the accompanying case law that Judge Katz has provided therein. *See id.*

Next, plaintiff requests input from the Court as to how to proceed with his case in light of Judge Katz's recommendation to dismiss with prejudice all of plaintiff's claims against defendant Czebiniak. This request will also be denied. The Court finds that Judge Katz has provided plaintiff with all of the allowances necessary to protect the rights and claims given his *pro se* status. However, the Court does not owe plaintiff a duty to provide him with legal counsel. Accordingly, plaintiff is advised to review the R&R for an

---

[3] Plaintiff may also access this form at: https://www.nynd.uscourts.gov/sites/nynd/files/forms/SampleCivilRights1983_0.pdf

explanation of why Judge Katz recommended that his claims be dismissed. *See* Dkt. No. 13.

Next, plaintiff requests that the Court appoint him legal counsel. Dkt. Nos. 17–18. As an initial matter, there is no right counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). However, 28 U.S.C.§ 1915 permits courts to "request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). But courts must consider the appointment of counsel in civil matters "carefully in order to preserve the 'precious commodity' of volunteer lawyers for those litigants who truly need a lawyer's assistance." *Toliver v. Adner*, 2019 WL 13439701 at *1 (N.D.N.Y. May 21, 2019). In determining whether to appoint counsel to an indigent plaintiff in a civil matter, the court should first ascertain whether the indigent's claims seem "likely to be of substance."[4] *Toliver* , 2019 WL 13439701 at *1. Upon review, the Court does not find that plaintiff's claims, in their current form, are likely to be of substance. Therefore, plaintiff's request for the appointment of counsel will be denied at this time.

---

[4] Where an indigent plaintiff's claims are deemed likely to be of substance, courts should consider: "[t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Toliver*, 2019 WL 13439701 at *1 (citing *Terminate Control Corp v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986))).

Finally, plaintiff requests an extension of time to amend his complaint. Dkt. No. 17. However, there is no need for this at the present time. Plaintiff was not under any time constraint to submit an amended complaint when Judge Katz issued his order. Dkt. No. 13. Rather, Judge Katz merely recommended to this Court that plaintiff be given thirty days to submit a proposed amended complaint. Now, the district court has accepted Judge Katz's recommendation. Thus, the thirty-day clock to submit a proposed amended complaint has started, and plaintiff *now* has thirty days from the date of this order to do so.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 13) is ACCEPTED and ADOPTED in all respects;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice and without leave to amend against Assistant District Attorney Czebiniak based on his prosecutorial immunity;

3. Plaintiff's claim for intentional infliction of emotional distress is DISMISSED with prejudice and without leave to amend;

4. Plaintiff's third claim for defamation is DISMISSED without prejudice and without leave to amend;

5.  Plaintiff's remaining claims are DISMISSED without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[5]

6.  Plaintiff has thirty (30) days from the date of this Order within which to submit a proposed amended complaint to the court for its consideration. Any amended pleading submitted by plaintiff must be a COMPLETE PLEADING which will supersede the original complaint, and plaintiff must include all the remaining facts and causes of action in the amended complaint. No facts or claims from the original complaint may be incorporated by references; and it is further ORDERED that

7.  If plaintiff files a proposed amended complaint, the proposed pleading shall be returned to U.S. Magistrate Judge Mitchell Katz for review; and it is further ORDERED that

8.  The Clerk of the Court shall mail a copy of this Order to plaintiff by regular mail;[6]

9.  Plaintiff's requests for an extension of time are DENIED;

10. Plaintiff's request for the appointment of counsel is DENIED;

---

[5] Taking plaintiff's inquiries into account, Dkt. Nos. 16–18, he is advised to revisit Judge Katz's instructions with respect to this. *See* Dkt. No. 13 at 15, n. 7.

[6] The Clerk shall also provide plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

11. The Clerk of the Court shall mail plaintiff a sample civil rights complaint to his address of record; and

12. If plaintiff fails to file a proposed amended complaint within thirty (30) days of the issuance of this Order, the Clerk of the Court shall enter a judgment accordingly and close the file.

The Clerk of the Court is ordered to terminate the pending motions and set a deadline for plaintiff to submit their proposed amended complaint.

   IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  February 6, 2025
         Utica, New York.