UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIS BICKHAM, JR.,

        Plaintiff,

        -v-                        3:24-CV-1417

ALEX CZEBINIAK and
DETECTIVE HLAVACEK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

WILLIS BICKHAM, JR.
Plaintiff, *Pro Se*
24-B-5326
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

DAVID N. HURD
United States District Judge

### ORDER ON REPORT & RECOMMENDATION

On November 21, 2024, *pro se* plaintiff Willis Bickham, Jr. ("plaintiff") filed a civil action pursuant to 42 U.S.C. § 1983 ("§ 1983") asserting claims for: (1) false arrest, (2) wrongful incarceration; (3) defamation; and (4) intentional infliction of emotional distress ("IIED") against defendants Alex Czebiniak ("Czebiniak") and Detective Hlavacek ("Hlavacek").  Dkt. No. 1.

Along with his complaint, plaintiff also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. Plaintiff's IFP Application was denied as incomplete, and the case was administratively closed on November 22, 2024.[1] Dkt. No. 5.

On December 6, 2024, plaintiff filed a second IFP Application. Dkt. No. 8. The case was reopened and plaintiff's complaint was referred to U.S. Magistrate Judge Mitchell J. Katz for an initial review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 9.

On January 7, 2025, having conducted an initial review of plaintiff's original complaint, Judge Katz advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.[2] Dkt. No. 13. Plaintiff did not file any timely objections to the R&R. *See id*.

On February 6, 2025, this Court adopted Judge Katz' R&R in all respects and permitted plaintiff to file a proposed amended complaint within thirty days. Dkt. No. 20.

---

[1] The Court informed plaintiff that if he wished to pursue his case, he was required to either comply with the filing fee requirements or file a complete and signed IFP Application. Dkt. No. 5.

[2] But, as discussed *infra*, Judge Katz did recommend dismissing plaintiff's claims against Czebniak with prejudice in this R&R. *See* Dkt. No. 13.

On February 20, 2025, plaintiff timely filed a proposed amended complaint asserting claims against for false arrest and wrongful incarceration both defendants. Dkt. No. 24. Plaintiff's proposed amended complaint was then referred to Judge Katz for an initial review. Dkt. No. 33. Judge Katz advised that plaintiff's amended complaint be dismissed in its entirety with prejudice and without leave to amend and advised that allowing future amendments would be futile. Dkt. No. 33. Specifically, Judge Katz recommended that: (1) plaintiff's claims of false arrest and wrongful incarceration against Hlavacek be dismissed with prejudice; and (2) plaintiff's false arrest and wrongful incarceration claims against Czebiniak be dismissed with prejudice due to prosecutorial immunity.[3] *Id.*

With regard to plaintiff's false arrest and wrongful incarceration claims, Judge Katz recommended that plaintiff failed to plausibly allege that Hlavacek lacked a good faith basis when he relied upon information provided by a complainant to arrest plaintiff for rape.[4] *Id.* at 7.

.

---

[3] Judge Katz also noted that this Court already adopted that recommendation and dismissed all claims against Czebiniak with prejudice on that very basis. *See* Dkt. Nos. 13, 20, 33.

[4] Plaintiff was later indicted on charges of, *inter alia*, rape in the first degree upon which he has based his claims for false arrest and wrongful incarceration. Dkt. No. 33. Ultimately, plaintiff was convicted of rape in the first degree, forcible touching, and endangering a minor. *Id.*

Plaintiff has not lodged a formal objection to the R&R.  Instead, plaintiff has filed two letter requests with the Court.  Dkt. Nos. 34, 36.  Plaintiffs first letter asked the court to hold a settlement conference.  Dkt. No. 34.  Judge Katz denied this request without prejudice.  Dkt. No. 35.  Plaintiff's second letter requested the "status" of his amended complaint and contested several of Judge Katz's recommendations in the R&R.  Dkt. No. 36.  Upon review and in consideration of plaintiff's *pro se* status, the Court will construe plaintiff's second letter, Dkt. No. 36, as an objection.

Briefly stated, plaintiff argues that his complaint does not arise from his rape conviction, that defendants lacked probable cause to arrest or indict him, that defendants relied too heavily on complainant's testimony, and that he was held and confined in spite of Hlavacek telling him he was not under arrest.[5]  *Id*.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted in all respects.  *See* 28 U.S.C. § 636.  Even liberally construed, plaintiff's objections fail to set forth a sufficient reason to disturb the recommendations in the R&R.  The Court agrees with Judge Katz that failed to overcome the presumption of probable cause with respect to his claims of false arrest and wrongful incarceration against Hlavacek.

---

[5] Rather, plaintiff claims his amended complaint was based upon "oral sex charges" for which he was acquitted and has nothing to do with the rape conviction.  Dkt. No. 36.

- 4 -

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 33) is ACCEPTED;

2. Plaintiff's proposed Amended Complaint (Dkt. No. 24) is DISMISSED with prejudice; and

3. The Clerk of the Court shall mail a copy of this Order to plaintiff by regular mail;

The Clerk of the Court is ordered to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: May 14, 2025
       Utica, New York.